### POLLOCK, etc v RUSSELL HARP, Inc

Ohio Appeals, 9th Dist, Summit Co

No 2135. Decided April 21, 1933

C. T. Moore, Cuyahoga Falls, for plaintiff in error.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for defendant in error.

STEVENS, J.

The only basis upon which the defendant could be held responsible to the plaintiff in this action would be that the sales manager, Clarence S. Norris, was, in entrusting the car in question to his son, Richard Norris, acting within the scope of his employment and within the authority confided to him by his principal.

**1 O. Jur., "Agency," §109, says:**
"The foundation principle which governs is found in the maxim 'qui facit per alium facit per se'; the act of the agent or servant done within the scope and in the exercise of his employment is in law the act of the principal."

And in §110, supra, it is said:
"In determining whether a particular act was done in the course, or within the scope, of the employment, two things are always to be primarily considered: First, was the agent engaged at the time in the service of his principal? Second, even though so engaged, was the act complained of within the scope of the agent's employment?"

It will be noted that no allegation is contained in said petition, wherein the duties and authority of Clarence Norris as sales manager are set out, except the mere statement that he was a sales manager for said corporation.

This court feels that it cannot be implied from the mere fact of being a sales manager for the defendant corporation that said Clarence S. Norris had authority to loan the motor vehicles of said company to his son, or to any other person, unless it is affirmatively stated in the petition that said sales manager did possess such authority and that such an act came within the scope of his employment, and that, in doing the act in question, he was engaged in the

service of his principal; in the absence of such an allegation, the doctrine of respondeat superior cannot be invoked against this defendant so as to make it answerable to third persons.

There being no allegation in plaintiff's petition showing that said Clarence Norris, at the time he entrusted the automobile in question to his minor son, had authority so to do, or that he was acting within the scope of his authority when so doing, or that in so doing he was engaged in the service of his principal, this court is of the opinion that the petition does not, as presented, state a cause of action against the defendant, and that the trial court was correct in sustaining the demurrer interposed by the defendant.

The judgment of the trial court is accordingly affirmed.

FUNK, J, concurs.
WASHBURN, PJ, not participating.